IN THE CIRCUIT COURT OF THE 4TH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO:

SHAYLA HARRIS,

       Plaintiff,

vs.

DAVE & BUSTERS, INC,
a Foreign Profit Corporation,
and JANE DOE, an individual,

       Defendants.

_____/

# C O M P L A I N T

**COMES NOW**, the Plaintiff, SHAYLA HARRIS, by and through her undersigned attorneys and hereby sues the Defendants, DAVE & BUSTERS, INC, and JANE DOE, and as grounds therefor allege as follows:

## GENERAL ALLEGATIONS

1. This is an action for damages that exceed fifty thousand dollars ($50,000.00).

2. At all times material hereto, the Plaintiff SHAYLA HARRIS was and is an individual residing in Duval County, Florida, and is *sui juris*.

3. At all times material hereto and at the time of the incident complained of, Defendant, DAVE & BUSTERS, INC, was a Foreign Profit Corporation, existing and doing business in Duval County, Florida.

4. At all times material hereto and at the time of the incident complained of, Defendant, JANE DOE, was an individual residing in Duval County, Florida.

5. Venue is proper in Duval County as the subject incident took place therein.

6. At all times material hereto and at the time of the incident complained of, Defendant, DAVE & BUSTERS, INC, was the owner and operator of a restaurant and arcade located at: 7025 Salisbury Rd., in Jacksonville, Duval County, Florida 32256.

7. At all times material hereto and at the time of the incident complained of, Defendant, DAVE & BUSTERS, INC, managed, maintained, and/or controlled the DAVE & BUSTERS, INC the restaurant and arcade located at: 7025 Salisbury Rd., in Jacksonville, Duval County, Florida 32256.

8. At all times material hereto, the Defendant, JANE DOE, managed the aforedescribed DAVE & BUSTERS, INC establishment.

9. On February 1, 2023, Plaintiff, SHAYLA HARRIS was a business invitee who was lawfully on the premises of Defendant's aforedescribed business.

10. At all times material hereto, and at the time of the incident complained of, Defendant, DAVE & BUSTERS, INC was responsible for the care and maintenance of the floors within the DAVE & BUSTERS, INC restaurant and arcade located at: 7025 Salisbury Rd., in Jacksonville, Duval County, Florida 32256.

11. At all times material hereto, and at the time of the incident complained of, Defendant, JANE DOE was responsible for the care and maintenance of the floors within the DAVE & BUSTERS, INC restaurant and arcade located at: 7025 Salisbury Rd., in Jacksonville, Duval County, Florida 32256.

12. At the aforedescribed time and place, Plaintiff while exercising due care and caution for her own safety, was dining and using the arcade at DAVE & BUSTERS, INC, when she was caused to fall to the floor due to the careless and negligent manner in which the floors were maintained, more specifically, Plaintiff slipped due to liquid substance on the floor after leaving the arcade area and going back to her table.

**COUNT I:**
**NEGLIGENCE CLAIM AGAINST DAVE & BUSTERS, INC**

The Plaintiff readopts and re-alleges each and every allegation contained in Paragraphs 1 through 12, as if they were fully set forth herein and further alleges:

13.   On the aforedescribed time and place, the aforedescribed premises was owned, operated, maintained and/or controlled by the Defendant, DAVE & BUSTERS, INC, by and through their agents and employees.

14.   The Defendant, DAVE & BUSTERS, INC, by and through its agents and employees, owed a duty to the Plaintiff to maintain the aforedescribed premises in a reasonably safe condition.

15.   At the aforedescribed time and place, the Defendant, DAVE & BUSTERS, INC, by and through its agents and employees, did negligently and carelessly own, operate, maintain and control the aforesaid premises, including but not limited to the floors, in a negligent and careless manner, in one or more of the following ways:

    a.   The Defendant failed to properly maintain and examine the floors to make sure they were safe and free from foreign transitory substances;

    b.   The Defendant should have exercised reasonable care in the maintenance of its floors;

    c.   The Defendant failed to utilize reasonable care in the design, planning, inspection and maintenance of said premises, particularly the floors.

    d.   The Defendant failed to warn the Plaintiff of the dangerous condition.

    e.   The aforedescribed dangerous condition was a regular, reoccurring, and ongoing condition; therefore, Defendant knew, or in the exercise of reasonable care, should have known of the aforedescribed dangerous and hazardous condition.

16.   The Defendant's aforedescribed acts of negligence proximately caused the injuries sustained by the Plaintiff.

17. As a direct result of her slip and fall, the Plaintiff has been forced to incur medical bills, has suffered bodily injury resulting in severe physical pain and suffering, disability, disfigurement, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation of preexisting injuries, if any, and loss of the ability to earn wages. The injuries sustained by Plaintiff, SHAYLA HARRIS, are permanent within a reasonable degree of medical probability, and continuing in nature and Plaintiff will continue to suffer such losses in the future.

**WHEREFORE**, the Plaintiff, SHAYLA HARRIS, demands judgment against the Defendant, DAVE & BUSTERS, INC, for damages, costs, and any other relief this Court deems appropriate. *The Plaintiff further demands a trial by jury of all issues triable by right.*

## COUNT II:
### NEGLIGENCE CLAIM AGAINST JANE DOE

The Plaintiff readopts and re-alleges each and every allegation contained in Paragraphs 1 through 12, as if they were fully set forth herein and further alleges:

18. At all times material hereto, Defendant, JANE DOE, the manager of said restaurant and arcade identified in Paragraph 6, and as such owed a duty of reasonable care to maintain the premises and floors in a reasonably safe condition for the safety of business invitees on the premises. JANE DOE, owed a duty to the Plaintiff, and other business invitees on the premises, to exercise reasonable care to maintain the floors in such manner as to avoid injury or damages to business invitees, such as the Plaintiff, SHAYLA HARRIS, as a result of a dangerous hazardous condition existing on the floor within the DAVE & BUSTERS establishment.

19. Defendant, JANE DOE, negligently failed to exercise reasonable care relating to the dangerous hazardous condition existing on the floor while under her control in that she failed to take reasonable precautions to maintain said premises in a safe condition.

20. At all times hereinafter mentioned and at the time of the incident complained of Defendant, JANE DOE, personally committed a tort by negligently failing to establish a procedure

for regular inspection and maintenance of the premises or alternatively by failing to follow her own established procedures for the inspection and maintenance of the of the premises, and Defendant, JANE DOE, personally and negligently created the aforesaid defective, dangerous condition which was a hazard and trap for the Plaintiff.

21. Among the duties of Defendant, JANE DOE, as the store manager, was to: a) conduct, personally or through those under her control, reasonable periodic inspections, at reasonable intervals, to discover and to remove inherently dangerous conditions, including but not limited to, dangerous hazards existing on the floor of said premises and to maintain and remove such dangerous hazards prior to business invitees being injured thereby;

22. Had such duty been performed, the dangerous condition which caused Plaintiff, SHAYLA HARRIS, to slip and fall to the ground and injure herself would have been observed in time to have been corrected.

23. But for the negligent failure of Defendant, JANE DOE, to perform such duties and responsibilities, Plaintiff, SHAYLA HARRIS, would not have slipped and injured herself.

24. The Defendant, JANE DOE, breached her duty of care to the Plaintiff, by committing one or more of the following negligent acts or commission and/or omission which proximately caused injury to the Plaintiff as hereinafter alleged more fully;

    a. The Defendant failed to properly maintain and examine the floors to make sure it was safe;

    b. The Defendant should have exercised reasonable care in the maintenance of the floors;

    c. The Defendant failed to inspect the floors for defective and/or dangerous conditions;

    d. The Defendant failed to warn the Plaintiff of the defective and/or dangerous condition existing on the floor;

    e. The Defendant failed to utilize reasonable care in the design, planning, construction, inspection and maintenance of said floor within the restaurant and arcade;

  f.  The Defendant failed to warn the Plaintiff of the dangerous condition.

  g.  The aforedescribed dangerous condition was a regular, reoccurring, and ongoing condition; therefore, Defendant knew, or in the exercise of reasonable care, should have known of the aforedescribed dangerous and hazardous condition.

  h.  The Defendant knew of the alleged dangerous condition and did not correct it and/or the condition existed long enough to where Defendant should have known of the condition and should have corrected the condition.

25. That the aforesaid acts of negligence on the part of JANE DOE were the proximate cause of the injuries sustained by the Plaintiff.

26. As a direct and proximate result of the negligence of Defendant, JANE DOE, as above alleged, Plaintiff, SHAYLA HARRIS, suffered bodily injury and resulting pain, suffering, disability, aggravation of pre-existing conditions, loss of capacity for the enjoyment of life, loss of earnings or earning ability, medical expenses and other expenses. The injuries sustained by Plaintiff, SHAYLA HARRIS, are permanent within a reasonable degree of medical probability, and continuing in nature and Plaintiff will continue to suffer such losses in the future.

**WHEREFORE**, the Plaintiff, SHAYLA HARRIS, demands judgment against the Defendant, JANE DOE, for damages, costs and any other relief this Court may deem appropriate. ***The Plaintiff further demands trial by jury as to all issues so triable by right***

In Compliance with Rule 2.516 all pleadings in this cause shall be served on the undersigned by E-mail to pleadings@anl-law.com

DATED this 10th day of March, 2023.

           LAW OFFICES OF ANIDJAR & LEVINE, P.A.
           Attorney for Plaintiff
           300 SE 17th Street
           Fort Lauderdale, FL 33316
           Tel: (954) 525-0050/ Fax: (954) 525-0020
           E-Mail for Pleadings – pleadings@anl-law.com

           By: /s/ *Glen B. Levine*
           GLEN B. LEVINE, ESQ.
           FBN 0144355

ELIE ANIDJAR, ESQ.
FBN 932191